IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH JURY DIVISION

| | | |
|---|---|---|
| ANGEL BRUMMETT On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | COLLECTIVE ACTION |
| | ) | CASE NO.   5:22-cv-37-TBR |
| v. | ) ) | |
| | ) | JUDGE   Thomas B. Russell |
| UNITED PROPANE GAS, INC. and DCC PROPANE, LLC, | ) ) | |
| | ) | JURY DEMAND |
| Defendants. | ) ) | |

## COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Angel Brummett brings this action against her former employers Defendants United Propane Gas, Inc. ("UPG") and DCC Propane, LLC ("DCC") (collectively, "Defendants") to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Plaintiff asserts these FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and they raise a federal question pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant UPG resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.      Plaintiff**

4.      Plaintiff Angel Brummett is over the age of nineteen (19) and is a resident of East

1

Bernstadt, Laurel County, Kentucky.

5.      Plaintiff was employed by Defendants from approximately November 2018 until August 2021.

**B.      Defendants**

6.      Defendant UPG is a Kentucky corporation doing business within this judicial district.

7.      Defendant UPG is headquartered at 3835 Maxon Road, Paducah, KY, 42001. Defendant UPG's registered agent is InCorp Services, Inc. which can be served at 828 Lane Allen Road, Suite 219, Lexington, KY, 40504.

8.      Defendant UPG employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

9.      Defendant UPG has at all relevant times been an employer within the meaning of the FLSA.

10.     Defendant DCC owns and operates Defendant UPG, which it purchased in or around January 2021.

11.     Defendant DCC is a Delaware limited liability company doing business within this judicial district.

12.     Defendant DCC's registered agent is CT Corporation System, which can be served at 306 West Main Street, Suite 512, Frankfort, KY, 40601.

13.     Defendant DCC employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

14.     Defendant DCC has at all relevant times been an employer within the meaning of the FLSA.

15.     Defendants both exercise control of the terms and conditions of employment (including the manner, method, and amount of compensation) of Plaintiff and those she seeks to represent and, therefore, are joint employers of Plaintiff and those she seeks to represent under FLSA.

### III. FACTS

16.     Plaintiff and those she seeks to represent in this action are current and former salaried employees of Defendants at any UPG location who at any time since January 1, 2020 has been paid a salary of less than $35,568 per year.

17.     Plaintiff began working for Defendant UPG in approximately November 2018 as an hourly employee with the title office manager.

18.     Defendant UPG promoted Plaintiff to the position of area manager beginning in approximately August 2019 and began paying her a weekly salary.

19.     Plaintiff also occasionally received commissions, though most weeks she did not receive any.

20.     As an area manager, Defendant UPG did not track Plaintiff's work time.

21.     During a typical workweek as an area manager, Plaintiff worked at least 50 hours and sometimes as many as 65 or more hours.

22.     However, because Defendant UPG treated Plaintiff as an exempt, salaried employee, it did not pay her any overtime for hours worked in excess of 40 in a workweek.

23.     When Defendant DCC assumed ownership and operation of Defendant UPG, Defendants continued to compensate Plaintiff in the same manner.

24.     However, Defendants provided her and other salaried employees a slight raise in their salary to align UPG employee pay with DCC pay.

25.     Defendants also began paying Plaintiff and other salaried employees biweekly, *i.e.* every two weeks.

26.     At all times, Plaintiff's salary was less than $35,568 per year—and less than the weekly equivalent ($684) and biweekly equivalent ($1,368).

27.     There are and have been since January 1, 2020, other salaried employees of Defendants paid a salary less than $35,568 per year (and the weekly and biweekly equivalent).

28.     Like Plaintiff, these employees routinely worked overtime (*i.e.*, in excess of 40 hours in a workweek) without receiving any overtime premium pay.

## IV. COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former salaried employees of Defendants at any UPG location who at any time since January 1, 2020 has been paid a salary of less than $35,568 per year (or the weekly ($684) or biweekly ($1,368) equivalent) in at least one workweek.

(the "Collective Class").

30.     Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

31.     All previous paragraphs are incorporated as though fully set forth herein.

32.     Plaintiff asserts this claim on behalf of herself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

33.     Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

34.     Defendants are employers covered by the FLSA.

35.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

36.     Defendants paid Plaintiffs and the Collective Class a salary of less than $35,568 per year (and the weekly and biweekly equivalent).

37.     Plaintiffs and the Collective Class worked in excess of 40 hours in a workweek.

38.     Defendants failed to pay Plaintiffs and the Collective Class overtime compensation not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek.

39.     By failing to pay Plaintiffs and the Collective Class overtime compensation not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek, Defendants have violated the overtime provision of the FLSA.

40.     In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly

situated employees;

      C.      A finding that Defendants have violated the FLSA;

      D.      A finding that Defendants' FLSA violations are willful;

      E.      A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

      F.      Pre-judgment and post-judgment interest to the fullest extent permitted under the law;

      G.      Liquidated damages to the fullest extent permitted under the FLSA;

      H.      Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

      I.      Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: March 10, 2022

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS**
BAHE, COOK, CANTLEY & NEFZGER PLC (Of Counsel)

1041 Goss Avenue
Louisville, KY 40217
Telephone: (502) 587-2002
csanders@bccnlaw.com

\* *Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiff*