UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-CV-00037-GNS-LLK

ANGEL BRUMMETT, on behalf of herself and
all others similarly situated                                                                 PLAINTIFF

v.

UNITED PROPANE GAS, INC.; and
DCC PROPANE, LLC                                                                        DEFENDANTS

## ORDER APPROVING SETTLEMENT

This matter is before the Court on Plaintiff's Motion for Settlement Approval (DN 40) and Defendants' Motion to Replace Filed Settlement Agreement with Redacted Version (DN 41). The motions are ripe for adjudication. For the reasons below, the motions are **GRANTED**.

### I.        SUMMARY OF THE FACTS

On March 10, 2022, Plaintiff Angel Brummett ("Brummett") initiated this action against Defendants United Propane Gas, Inc. and DCC Propane, LLC (collectively "Defendants"), seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). (Compl. ¶¶ 1, 31-40, DN 1). Brummett represents current and former employees of Defendants who were classified as overtime-exempt and worked over forty hours per week without overtime compensation. (Compl. ¶¶ 16, 26-28). The parties jointly moved to conditionally certify a collective class under 29 U.S.C. § 216(b), which the Court granted. (Joint Mot. & Stipulation Conditional Class Certification, DN 29; Order, DN 30). The parties reached a settlement, drafted an agreement as to the terms (the "Agreement"), and now move for the Court's approval. (Pl.'s Mot. Settlement Approval, DN 40).

## II.      JURISDICTION

The Court has subject-matter jurisdiction over this action based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331; *see also* 29 U.S.C. § 216(b).

## III.      DISCUSSION

### A.      Strike and Replace Filed Agreement

Plaintiff proffered a copy of the Agreement with the motion for its approval.  (*See* Pl.'s Mot. Settlement Approval Ex. 1, DN 40-1).  Defendants move to replace that filing with a version redacting the total and individual settlement amounts.  (Defs.' Mot. Replace, DN 41; Defs.' Mot. Replace Ex. 1, DN 41-1 [hereinafter Agreement]).  The motion is construed as one to strike and for leave to seal the Agreement in part.  *See Select Rehab., LLC v. EmpowerMe Rehab. Ky. LLC*, No. 1:21-CV-00039-GNS-HBB, 2022 U.S. Dist. LEXIS 187309, at *4-10 (W.D. Ky. Oct. 13, 2022) (addressing a motion to redact as one to seal in part).

The Joint Local Rules of Civil Practice for the Eastern and Western Districts of Kentucky provide that "[p]arties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can only occur in limited circumstances . . . ."  LR 5.6(a); *see* Fed. R. Civ. P. 5.2.  This is consistent with the "'long-established legal tradition' of the 'presumptive right of the public to inspect and copy judicial documents and files'" and a "'strong presumption in favor of openness' regarding court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  "[A]n FLSA settlement agreement that is submitted to a court for approval is 'indisputably' the sort of judicial record that is 'subject to the presumption of [public] access.'" *Whitehead v. Garda CI Cent., Inc.*, No. 3:20-cv-736-DJH-

RSE, 2021 U.S. Dist. LEXIS 178556, at *3 (W.D. Ky. Sept. 20, 2021) (second alteration in original) (citation omitted).

The party seeking to seal or redact judicial records bears a "heavy burden" in overcoming this presumption and "must show three things:  (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).  This is not overcome "simply because it is unopposed." *Thornton v. Himmler*, No. 3:20-cv-P60-RGJ, 2021 U.S. Dist. LEXIS 108937, at *1 (W.D. Ky. June 10, 2021) (internal quotation marks omitted) (quoting *Rucker v. Lindamood*, No. 1:16-CV-00090, 2020 U.S. Dist. LEXIS 185583, at *4 (M.D. Tenn. Oct. 6, 2020)).  Moreover, the burden to seal an FLSA settlement agreement is "heightened further . . . due to the strong public interest in the enforcement of the FLSA." *David v. Kohler Co.*, No. 1:15-cv-01263-STA-jay, 2019 U.S. Dist. LEXIS 213737, at *11 (W.D. Tenn. Dec. 10, 2019); *cf. Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." (citation omitted)).

The suggested redactions are narrowly tailored as they only pertain to the settlement payment amounts.  In addition, "settlement amounts can be—and often are—sealed," *Black Diamond Mining Co. v. Richard Holmes Enters., LLC (In re Black Diamond Mining Co.)*, No. 15-cv-96-ART, 2016 U.S. Dist. LEXIS 110272, at *6 (E.D. Ky. Aug. 18, 2016) (citations omitted); *cf. Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) (discussing the need for secrecy in settlement proceedings).  Therefore, Defendants' motion will

3

be granted; the unredacted version of the Agreement filed at DN 40-1 will be stricken from the record, and the redacted version filed at DN 41-1 shall remain on the docket as presently filed.

### B.   Approval of Settlement

"Section 216(b) of the FLSA allows similarly situated employees to recover compensation from their employer in 'opt-in' class action litigation." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing 29 U.S.C. § 216(b)).  An FLSA action may be settled in two ways, with the second being operative here:  "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *O'Bryant v. ABC Phones of N.C., Inc.*, No. 2:19-cv-02378, 2020 U.S. Dist. LEXIS 138599, at *19 (W.D. Tenn. Aug. 4, 2020) (alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).  The Sixth Circuit has not addressed whether court approval is required for FLSA settlement agreements, but courts within this circuit have found it to be necessary.  *See Steele*, 172 F. Supp. 3d at 1026; *Nader v. Springs Window Fashions, LLC*, No. 1:22-cv-12067, 2023 U.S. Dist. LEXIS 37812, at *2-3 (E.D. Mich. Mar. 7, 2023); *Johnson v. Labtox, LLC*, No. 5:22-019-DCR, 2022 U.S. Dist. LEXIS 198577, at *2 (E.D. Ky. Nov. 1, 2022); *Burnham v. Papa John's Paducah, LLC*, No. 5:18-CV-112-TBR, 2020 U.S. Dist. LEXIS 75220, at *3 (W.D. Ky. Apr. 29, 2020).

Before it is approved, "the Court must consider whether the settlement is 'fair, reasonable, and adequate . . . .'" *Ditsworth v. P&Z Carolina Pizza*, No. 1:20-CV-00084-GNS, 2021 U.S. Dist. LEXIS 130190, at *5 (W.D. Ky. July 13, 2021) (quoting Fed. R. Civ. P. 23(e)(2)); *cf. Love v. Gannett Co.*, No. 3:19-cv-296-BJB-RSE, 2021 U.S. Dist. LEXIS 183196, at *3 (W.D. Ky. Sept. 24, 2021) ("Courts in this circuit apply the same analysis to settlement agreements in the FLSA

context that they do in the Rule 23 context." (citation omitted)); *Bernardez v. Firstsource Sols. USA, LLC*, Nos. 3:17-cv-613-RGJ, 3:20-cv-99-RGJ, 2022 U.S. Dist. LEXIS 71531, at *8 (W.D. Ky. Apr. 19, 2022) ("[T]he Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented." (internal quotation marks omitted) (citation omitted)). To conduct this inquiry, courts consider seven factors utilized for Rule 23 settlement approvals:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citations omitted); *see also Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 894-99 (6th Cir. 2019) (applying the factors when reviewing the district court's approval of a FLSA settlement).

### 1.    *Bona Fide Dispute*

While not one of the seven delineated considerations, "'[a] federal district court approving any settlement of claims must determine whether a bona fide dispute exists to ensure that plaintiff employees have not'—at least not without good cause—'relinquished their rights to compensation guaranteed by the statute.'" *Love*, 2021 U.S. Dist. LEXIS 183196, at *3-4 (quoting *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *4); *cf. Jones v. H&J Rests., LLC*, No. 5:19-CV-105-TBR, 2020 U.S. Dist. LEXIS 219071, at *7 (W.D. Ky. Nov. 23, 2020) ("A bona fide dispute exists when there are legitimate questions about 'the existence and extent of defendant's FLSA liability.'" (internal quotation marks omitted) (quoting *O'Bryant*, 2020 U.S. Dist. LEXIS 138599, at *19)). "Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that Plaintiffs would succeed on the merits through litigation of their claims." *Ross v. Jack Rabbit*

*Servs., LLC*, No. 3:14-cv-44-DJH, 2016 U.S. Dist. LEXIS 173292, at *6 (W.D. Ky. Dec. 15, 2016) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)).

Defendants denied the allegations against them.  (*See* Answer ¶¶ 36-40, DN 19; Answer ¶¶ 36-40, DN 21; Joint Mot. & Stipulation Conditional Class Certification 1, 3 (noting that Defendants reserved the right to move to decertify the class and the motion is not an admission or waiver of any claims or defenses)).  Moreover, the Agreement specifically indicates that it "does not constitute an admission by any party to the Agreement . . . ."  (Agreement 4).  Accordingly, the Agreement resolves a bona fide dispute.  *See Bernardez*, 2022 U.S. Dist. LEXIS 71531, at *8.

### 2.    *Risk of Fraud or Collusion*

"In the absence of evidence to the contrary, the court may presume that no fraud occurred and that there was no collusion between counsel."  *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *6 (quoting *Ross*, 2016 U.S. Dist. LEXIS 173292, at *8); *accord Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010) (applying the presumption to a Rule 23 class settlement).  This action was filed over a year ago, and the parties engaged in informal discovery, including producing payroll records, and were scheduled for a mediation prior to the settlement. (Joint Mot. & Stipulation Conditional Class Certification 2; Agreement 2).  Brummett avers that "the proposed settlement is the result of arm's length negotiations . . . ."  (Pl.'s Mem. Supp. Mot. Settlement Approval 4, DN 40-2).  Therefore, nothing in the record suggests fraud or collusion.

### 3.    *Litigation Complexity, Expense, & Duration*

"[N]o one doubts that 'continuing to litigate this case would result in greater expense for both parties and increase the duration of the litigation.'"  *Love*, 2021 U.S. Dist. LEXIS 183196, at *5 (quoting *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *7); *cf. Ross*, 2016 U.S. Dist. LEXIS 173292, at *8 ("[T]he Court must also weigh the risks, expense and delay Plaintiffs would face if

they continued to prosecute the litigation through trial and appeal." (alteration in original) (citation omitted)).  Future litigation would result in greater expense to the parties, given that Defendants reserved the right to later challenge the certification of the class, disputes may arise regarding the applicability of the salary basis requirement to a specific party, and whether Defendants would be jointly liable.  Moreover, the finality of settlement provides for a shorter duration as opposed to a prolonged litigation campaign.  *See Green v. Platinum Rests. Mid-Am. LLC*, No. 3:14-cv-439, 2022 U.S. Dist. LEXIS 76455, at *11 (W.D. Ky. Apr. 27, 2022) ("Wage and hour actions, such as this one, are fact intensive and often 'require costly and protracted litigation' that may 'outstrip' the 'value of Plaintiff's damages.'" (citation omitted)).  This favors the approval of the Agreement.

### 4.    *Amount of Discovery*

"If the parties have engaged in discovery, then a settlement is more likely to be fair and reasonable under the circumstances."  *Id*. at *12 (citation omitted); *see also Doe*, 925 F.3d at 898-99 (concluding that the district court did not abuse its discretion when finding that informal discovery was sufficient for approval).  As noted above, the parties have engaged in informal discovery, including producing payroll records and spreadsheets containing the contact information of all individuals who would meet the class definition.  (*See* Joint Mot. & Stipulation Conditional Class Certification 2; Agreement 2).  Therefore, this favors settlement.

### 5.    *Likelihood of Success on the Merits*

"A court 'cannot judge the fairness of a proposed compromise without weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.'" *Doe*, 925 F.3d at 895 (citation omitted).  Indeed, the Sixth Circuit has commented that "[t]he most important of the factors to be considered in reviewing a settlement is the

probability of success on the merits." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011) (internal quotation marks omitted) (citation omitted).

Considering the present stage of this action, it is difficult to gauge the likelihood of Brummett's success at trial. *See Burnham*, 2020 U.S. Dist. LEXIS 75220, at *8. Even then, FLSA actions are fact-intensive and bear inherent risks when taking such an action to trial. *See Green*, 2022 U.S. Dist. LEXIS 76455, at *11; *Ross*, 2016 U.S. Dist. LEXIS 173292, at *11 (recognizing that the risks associated with trial "should be weighed against the relief provided for in the settlement agreement."). Instead, the Agreement negates these risks and provides compensation "of nearly all the wages and liquidated damages [Plaintiffs] could expect to recover[] through judgment in this case." (Pl.'s Mem. Supp. Mot. Settlement Approval 5). This favors settlement.

### 6.   *Class Opinions*

"In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *9 (quoting *Ross*, 2016 U.S. Dist. LEXIS 173292, at *11). The parties both support this settlement. (*See generally* Agreement 4 (noting that the Agreement was "executed voluntarily and without any duress or undue influence . . . ."). This favors approval of the Agreement.

### 7.   *Absent Member Reactions*

"The sixth factor—absent class members—is largely irrelevant in the FLSA context." *Love*, 2021 U.S. Dist. LEXIS 183196, at *7 (emphasis omitted). During this action, two individuals, in addition to Brummett, have filed Notices of Consent to join this action. (*See* Notice Consent, DN 6; Notice Consent, DN 36). "There is no opt-out mechanism in FLSA actions as there are with class actions under Federal Rule of Civil Procedure Rule 23." *Burnham*, 2020 U.S.

Dist. LEXIS 75220, at *9 (quoting *Ross*, 2016 U.S. Dist. LEXIS 173292, at *12).  Regardless, no objections have been made regarding the settlement, which favors settlement.

### 8.    *Public Interest*

Finally, the Agreement "promotes the 'strong public interest in encouraging settlement' because it 'reflects a reasonable compromise over issues actually disputed.'"  *Love*, 2021 U.S. Dist. LEXIS 183196, at *6 (quoting *Ross*, 2016 U.S. Dist. LEXIS 173292, at *12-13); *accord Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *30 (E.D. Ky. Oct. 23, 2008) ("If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'"  (citation omitted)).  Moreover, "[s]ettlement is the preferred means of resolving litigation."  *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *30 (citation omitted).

All seven factors individually and collectively weigh in favor of approving the Agreement.  Accordingly, the Agreement represents a fair and reasonable settlement to a bona fide dispute.  *See Ditsworth*, 2021 U.S. Dist. LEXIS 130190, at *5; *Bernardez*, 2022 U.S. Dist. LEXIS 71531, at *8.

### C.    Equitable Distribution

"As a part of its exacting and thorough examination of a class-action settlement, a court must ensure that the distribution of the settlement proceeds is equitable."  *Love*, 2021 U.S. Dist. LEXIS 183196, at *7 (quoting *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *10-11).  "The need for equity in distributions of proceeds is no less in a collective-action settlement."  *Burnham*, 2020 U.S. Dist. LEXIS 75220, at *11 (quoting *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *32).

Brummett explains that the Agreement provides "a full recovery of [Plaintiffs'] potential unpaid overtime wage recovery under the FLSA, and most of the liquidated damages that they

[sought]." (Pl.'s Mem. Supp. Mot. Settlement Approval 4). In addition, Brummett explains the primary disputed issues in this action led to the creation of a formula to calculate an appropriate award of backpay and liquidated damages and that "[t]he formula used . . . to calculate each Opt-In Plaintiffs' damages reflects a data-driven compromise of the disputed factual issues in the case." (Pl.'s Mem. Supp. Mot. Settlement Approval 4-5). Thus, the settlement distribution is equitable.

**D.     Attorneys' Fees**

Congress authorizes the recovery of reasonable attorney fees under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "An award of attorney fees . . . is mandatory, but the amount of the award is within the discretion of the judge." *Fegley*, 19 F.3d at 1134 (citation omitted). The burden of establishing reasonableness rests upon the party seeking the award, who must provide sufficient information for the Court to approve an award sufficient to attract competent counsel but not produce a windfall. *See Perry v. Autozone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015); *cf. Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016) ("[A] court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." (internal quotation marks omitted) (citation omitted)). "[C]ourts should not 'become green-eyeshade accountants,' but instead must content themselves with 'rough justice.'" *Monroe v. FTS USA, LLC*, 17 F.4th 664, 673 (6th Cir. 2021) (internal quotation marks omitted) (citation omitted).

Courts may utilize one of two methods to determine whether an award is appropriate and reasonable: the lodestar and fund-percentage methods. *See Thompson v. Seagle Pizza, Inc.*, No. 3:20-cv-16-DJH-RSE, 2022 U.S. Dist. LEXIS 81666, at *28 (W.D. Ky. May 5, 2022) ("District courts 'have the discretion to select' between two methods . . . ." (citations omitted)). These approaches generally embody the twin interests in compensating the completed work and achieved

results: "The lodestar method of calculating fees 'better accounts for the amount of work done,' whereas 'the percentage of the fund method more accurately reflects the results achieved.'" *Gascho*, 822 F.3d at 279 (citation omitted).

"[T]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Fegley*, 19 F.3d at 1134 (citation omitted). These factors include:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Gascho*, 822 F.3d at 280 (internal quotation marks omitted) (citation omitted).

The Agreement provides $30,000 in attorneys' fees, costs, and expenses, which is separately apportioned from Plaintiffs' individual recoveries. (Agreement 2). Brummett submits a declaration from attorney David W. Garrison ("Garrison") to substantiate the fee request. (*See* Garrison Decl., DN 40-4). Garrison avers that his law firm has incurred over $45,000 in fees and costs and expended more than 114 hours on this action. (Garrison Decl. ¶¶ 10-11). Chris Sanders ("Sanders") is an attorney barred in Kentucky who worked alongside Garrison in this action and expended more than 13 hours, thereby incurring over $6,000 in fees. (Garrison Decl. ¶¶ 1, 10-11).

This Court has previously remarked that "[a]ny doubts about the reasonableness of the requested attorney-fee award are dispelled by the fact that nearly all of the 'germane factors' that courts consider . . . weigh in favor of approval here." *Thompson*, 2022 U.S. Dist. LEXIS 81666, at *35-36 (citing *Gascho*, 822 F.3d at 280). In this action, all the factors favor approval.

11

Plaintiffs' received benefits are valued at "a full recovery of [Plaintiffs'] potential unpaid overtime wage recovery under the FLSA, and most of the liquidated damages that they [sought]." (Pl.'s Mem. Supp. Mot. Settlement Approval 4).  Counsels' representation was handled on a contingent basis, thereby "undert[aking] the risk of not being compensated, a factor that cuts significantly in favor" of the award. *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *30 (S.D. Ohio May 30, 2012) (citation omitted).  Moreover, "[s]ociety certainly benefits from 'incentivizing attorneys to assist in combatting' alleged violations of minimum-wage laws." *Thompson*, 2022 U.S. Dist. LEXIS 81666, at *36 (quoting *Castillo v. Morales, Inc.*, No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936, at *21 (S.D. Ohio Dec. 22, 2015)); *cf. Fegley*, 19 F.3d at 1134 ("The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" (citation omitted)).  Likewise, "[t]here is also a public interest in 'rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.'" *Castillo*, 2015 U.S. Dist. LEXIS 192936, at *21-22 (citation omitted).

The hourly value of the attorneys' time also weighs in favor of approval, as this Court has previously concluded that Garrison's hourly rates in comparable cases to be "consistent with market rates throughout Kentucky and Tennessee . . . ." *Mitcham v. Intrepid U.S.A., Inc.*, No. 3:17-CV-703-CHB, 2019 U.S. Dist. LEXIS 88864, at *11 (W.D. Ky. May 28, 2019); (*see* Garrison Decl. ¶ 13 (explaining that the hourly rates are $525 for a partner; $385 for an associate; $175 for professional staff; and that Sanders' hourly rate is $485)).  Furthermore, the award "represents a 44% reduction of Plaintiffs' counsel's fees incurred" during this action.  (Garrison Decl. ¶ 15. *Compare* Garrison Decl. ¶ 10 (asserting that almost $50,000 in fees and costs was cumulatively incurred), *with* Agreement 2 (providing an award of $30,000)).  Further supporting this finding

and the approval of the fee award is counsel's notable skill and standing, "given the sizable number of similar matters that [] counsel ha[s] litigated . . . ." *Thompson*, 2022 U.S. Dist. LEXIS 81666, at *36 (citation omitted). *See generally Mitcham*, 2019 U.S. Dist. LEXIS 88864; *Jones*, 2020 U.S. Dist. LEXIS 219071; *Busk v. Integrity Staffing Sols., Inc. (In re Amazon.com, Inc.)*, 261 F. Supp. 3d 789 (W.D. Ky. 2017); *Sparacino v. Insight Commc'ns Co., L.P.*, No. 3:14-CV-298-JHM-CHL, 2015 U.S. Dist. LEXIS 141669 (W.D. Ky. Oct. 19, 2015).

Therefore, the proposed award of attorneys' fees within the Agreement appears reasonable.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Defendants' Motion to Replace Filed Settlement Agreement with Redacted Version (DN 41) is **GRANTED**.  The unredacted version of the parties Settlement Agreement and Release of All Claims filed at DN 40-1 shall be **SEALED** in the record, and the redacted version filed at DN 41-1 shall remain on the docket as presently filed.

2.      Plaintiff's Motion for Settlement Approval (DN 40) is **GRANTED**.  The parties' Settlement Agreement and Release of All Claims is **APPROVED** and shall be consummated in accordance with the terms and provisions therein.

3.      This action is **DISMISSED WITH PREJUDICE** in accordance with the terms of the Settlement Agreement and Release of All Claims.

4.      The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

June 2, 2023

cc:      counsel of record

13